UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| GREENWICH INSURANCE CO., | ) | |
| Plaintiff, | ) | Civil Action No. 11-66-ART |
| v. | ) | |
| | ) | **MEMORANDUM OPINION &** |
| TONY LEE HALL, | ) | **ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The declaratory judgment statute—which provides that federal courts "may" enter declaratory judgments in "case[s] of actual controversy," 28 U.S.C. § 2201(a)—"confer[s] on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Foremost among the factors that inform this discretion is whether issuing a declaratory judgment would cause "[g]ratuitous interference with the orderly and comprehensive disposition of [] state court litigation." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). Because there is no parallel state-court action involving the plaintiff, and because the Virginia court hearing the defendant's tort suit is in no better position than this Court to decide insurance-coverage issues governed by Kentucky law, the Court will exercise jurisdiction over this declaratory judgment action. The defendant's motion to dismiss is therefore denied.

## BACKGROUND

Tony Hall worked for JE Allen Drilling and Construction Company, located in Langley, Kentucky. JE Allen had an insurance policy with Greenwich Insurance Company covering all of its company cars. On December 20, 2006, Hall was driving a JE Allen company car near Clintwood, Virginia, when he saw a stranded motorist on the side of the road. Hall pulled over, got out of the car, and walked up to the stranded motorist to see if he could help. While he was standing in the road, a passing vehicle driven by Raymond Phipps struck Hall, seriously injuring him. In late 2008, Hall filed a tort action against Phipps in Virginia state court. More than two years after instituting the lawsuit, Hall amended his complaint on January 5, 2011, to name Greenwich as a possible provider of uninsured or underinsured motorist coverage in case Phipps did not have sufficient insurance to cover Hall's injuries. R. 3-3. The amended complaint requested that process issue against Greenwich under Va. Code § 38.2-2206(F). *Id*. Four months later, on May 4, 2011, Greenwich filed this declaratory judgment action. R. 1. Greenwich seeks a declaration that, under the terms of the policy it issued to JE Allen, it does not owe any uninsured or underinsured motorist coverage to Hall. *Id*. Hall filed a motion to dismiss, R. 3, to which Greenwich filed a response, R. 5.

## DISCUSSION

The touchstone in deciding whether a federal court should exercise its discretion to hear a declaratory judgment action is whether doing so would cause "[g]ratuitous interference with the orderly and comprehensive disposition of [] state court litigation." *Brillhart*, 316 U.S. at 495. This "interference" is most "gratuitous" when there is a parallel action in state court "involving

2

the same parties and presenting opportunity for ventilation of the same state law issues." *Wilton*, 515 U.S. at 283. Thus, this Court has previously dismissed declaratory judgment actions brought by insurance companies that were parties to state-court lawsuits involving the same issues—usually, the scope of coverage under an insurance policy. *See Aspen Ins. UK Ltd. v. Murriel-Don Coal, Inc.*, --- F. Supp. 2d ----, No. 11-15, 2011 WL 2118703, at *1-2 (E.D. Ky. May 27, 2011)*; Motorists Mut. Ins. Co. v. Hays*, No. 10-271, 2011 WL 720812, at *1 (E.D. Ky. Feb. 22, 2011).

Hall argues that this case is exactly the same—that his tort action against Phipps in Virginia state court is a parallel state proceeding to which this Court should defer. Hall is incorrect. Greenwich is not a party to the state-court action, and the scope of the insurance policy is not at issue in that action. Greenwich is only nominally involved in the state case because Hall served process on it under Va. Code § 38.2-2206(F). That statute provides that a plaintiff who files a lawsuit against another driver and "intend[s] to rely on the uninsured or underinsured coverage provision" of his own insurance policy must "serve a copy of the process upon his insurer . . . as though the insurer were a party defendant." After such service, the insurer has "the right to file pleadings and take other action allowed by law in the name of the owner or operator of the uninsured or underinsured motor vehicle or in its own name." *Id*. Service under § 38.2-2206(F) "does not make the insurance company a defendant to the cause of action," *Roenke v. Va. Farm Bureau Ins. Co.*, 161 S.E.2d 704, 706 (Va. 1968), and it does not put the scope of coverage under the policy in issue. Instead, the statute simply prescribes a "formal method of notification" that advises an insurance company that it may be liable for

3

uninsured or underinsured motorist benefits. *Id*. Because the insurance company is not a party, the plaintiff cannot secure a judgment against it as part of the tort action. *Nationwide Mut. Ins. Co. v. Hylton*, 530 S.E.2d 421, 423 (Va. 2000). Instead, if there is a "question whether an automobile insurance company has a legal obligation to a plaintiff," that question must be decided in a separate action "brought on the policy . . . or in a declaratory judgment proceeding." *Id*. (quoting *Rodgers v. Danko*, 129 S.E.2d 828, 830 (1963)). Thus, Hall's lawsuit in state court does not include Greenwich as a defendant and does not concern the question presented in this declaratory judgment action—namely, whether Hall is entitled to uninsured or underinsured motorist benefits under the terms of the insurance policy. It therefore is not a parallel proceeding.

Even though Greenwich's declaratory judgment action would not directly interfere with a parallel state-court proceeding, that is not the end of the matter. The existence of a parallel proceeding is not a prerequisite for declining to exercise the Court's discretionary declaratory judgment jurisdiction. Indeed, this Court has previously dismissed declaratory judgment actions where the insurance company was not a party to the underlying state-court litigation and that litigation did not involve the scope of insurance coverage. In *Nautilus Insurance Co. v. Grayco Rentals, Inc.*, No. 10-133, 2011 WL 839549 (E.D. Ky. Mar. 7, 2011), for example, a plaintiff sued the insured in state court for personal injuries he sustained while using one of the insured's products. *Id*. at *1. The insurance company then filed a declaratory judgment action in federal court seeking a declaration that, under the terms of its policy, it had no obligation to provide the insured with a defense in the state-court lawsuit. *Id*. Even though the insurance company was

4

not technically a party to the state-court case and the scope of the insurance policy was not yet at issue in that case, this Court still held that the state court was the more appropriate forum. *Id.* at *5. The Sixth Circuit has also held that district courts abused their discretion by exercising jurisdiction over similar cases. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 550 (6th Cir. 2008); *Bituminous Cas. Corp. v. J & L Lumber Co.*, 373 F.3d 807, 810-11 (6th Cir. 2004). The basic thought underlying these cases is that, even though the insurance company is not technically a party to, and the scope of the policy's coverage is not yet at issue in, the underlying state-court litigation, it is preferable for the state court to resolve the coverage dispute because it is "in a superior position to resolve undecided questions of state law." *Scottsdale Ins. Co.*, 513 F.3d at 562. The insurance company can bring the coverage issue before the state court either by intervening in the underlying action or by bringing a separate declaratory judgment action in state court. *Id*.

Here, the calculus is quite different. It is true that Greenwich could bring a declaratory suit against Hall in Virginia state court. *See* Va. Code § 8.01-184. But it would not necessarily be preferable for Greenwich to do so. The insurance policy at issue in this case was written in Kentucky and was issued to JE Allen, a resident of Kentucky. It is therefore governed by Kentucky law. *See Snodgrass v. State Farm Mut. Auto. Ins. Co.*, 992 S.W.2d 855, 856-57 (Ky. 1998); *Buchanan v. Doe*, 431 S.E.2d 289, 291 (Va. 1993). There is no reason to think that the Virginia state court is "in a superior position" to apply Kentucky law than this Court. *Scottsdale Ins. Co.*, 513 F.3d at 562. To the contrary, this Court hears cases involving Kentucky law all the time, whereas the Virginia state court probably hears cases involving Kentucky law only once

5

in a blue moon. Just as one would expect a federal court in Virginia to be more familiar with Virginia law than a state court in Kentucky, so too does this Court have a comparative advantage in applying Kentucky insurance law.

These two facts—the absence of a parallel proceeding in state court and this Court's comparative advantage over the Virginia state court in applying Kentucky law—differentiate this case from the vast majority of cases in which courts have declined to exercise their declaratory judgment jurisdiction. And these facts also impact two of the five factors that courts are supposed to consider in deciding whether to exercise that jurisdiction. Those two factors are: (1) whether a declaratory judgment would increase friction between federal and state courts, and (2) whether an alternative, better remedy is available. *Grand Trunk W.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). Both factors weigh in favor of exercising jurisdiction.

Issuing a declaratory judgment in this case would not increase friction between federal and state courts. All three of the sub-factors that the Sixth Circuit has identified to guide consideration of this factor point in the direction of no friction. *See Scottsdale Ins. Co.*, 513 F.3d at 560. First, the factual issues in the state court case are not "important to an informed resolution of" this case. *Id*. The state court will determine whether the driver who struck Hall was negligent, while this case turns on whether Hall was still covered under the terms of the policy when he exited the car and walked towards the stranded motorist. The state court's decision on the other driver's negligence will have no bearing on whether Hall is covered under the terms of the insurance policy. Second, as explained above, the Virginia court is not in a better position than this Court to evaluate the issues presented in this case. *Id*. To the contrary,

6

this Court's greater expertise with Kentucky law means that it is in the better position. And, finally, although there is a "close nexus between" legal issues involving insurance contracts and state public policy, *id.*, the nexus is with *Kentucky's* public policy, not Virginia's. Additionally, although there is an alternative remedy available—Greenwich could file a declaratory judgment action in the Virginia state court—it is not a "better remedy." *Grand Trunk*, 746 F.2d at 326. In fact, it is probably an inferior remedy, given that the Virginia court has less expertise with Kentucky law than this Court.

Of the three remaining *Grand Trunk* factors, two weigh in favor of exercising jurisdiction and one weighs slightly against exercising jurisdiction. First, "the declaratory action would serve a useful purpose in clarifying the legal relations in issue." *Grand Trunk*, 746 F.2d at 326. Deciding this case would determine whether Hall was covered by JE Allen's insurance policy when he exited the company car he was driving, and thus whether Greenwich is obligated to provide him with uninsured or underinsured motorist coverage. Such a decision would "clarify the legal relations of at least two parties and settle at least one discrete dispute." *Grange Mut. Cas. Co. v. Safeco Ins. Co. of Am.*, 565 F. Supp. 2d 779, 788 (E.D. Ky. 2008). This factor therefore weighs in favor of exercising jurisdiction. Also weighing in favor of jurisdiction is the absence of any indication that Greenwich is seeking a declaratory judgment merely for the purpose of "procedural fencing" or to "provide an arena for a race for res judicata." *Grand Trunk*, 746 F.2d at 326. The Sixth Circuit has cautioned that courts should be "reluctant to impute an improper motive to a plaintiff where there is no evidence of such in the record." *Scottsdale Ins. Co.*, 513 F.3d at 558. Here, Greenwich is not racing to have the federal court

7

determine whether its insurance policy covers Hall before the state court decides the same issue. Indeed, the insurance-coverage issue is not even before the state court. This factor therefore also weighs in favor of exercising jurisdiction.

One factor—"whether the declaratory action would settle the controversy," *Grand Trunk*, 746 F.2d at 326—admittedly weighs against exercising jurisdiction. The crux of this factor is whether issuing a declaratory judgment would settle the "ultimate controversy," *Grange*, 565 F. Supp. 2d at 788; that is, whether it would settle "the controversy in the underlying state court litigation." *Travelers Indem. Co. v. Bowling Green Prof'l Assocs., PLC*, 495 F.3d 266, 272 (6th Cir. 2007). No matter what the Court decides in this case, the Virginia state court will still have to decide whether Phipps was negligent, and if so, how much Hall should recover. In some sense, though, this is a bit of an unfair benchmark. *Of course* deciding the insurance coverage dispute in this action will not settle the controversy in state court. The state-court action involves entirely different legal and factual questions, and the insurance issue is not even before the state court. Thus, instead of deciding some issues pending before the state court and leaving others unresolved—the most undesirable result because it forces the parties "to engage in fractured, piecemeal litigation," *Aspen Ins. UK Ltd.*, 2011 WL 2118703, at *4—there would be a clean break in this case. The Virginia state court can decide Hall's tort suit without interference from this Court, and this Court can decide whether Hall is covered under the terms of the insurance policy from Greenwich without interference from the state court. Thus, although this factor nominally weighs against exercising jurisdiction, it does so only slightly.

In sum, four of the five *Grand Trunk* factors weigh in favor of exercising jurisdiction, while one factor nominally weighs against it. The scale easily tips in Greenwich's favor.

**CONCLUSION**

For these reasons, it is **ORDERED** that Hall's motion to dismiss, R. 3, is **DENIED**.

This the 1st day of August, 2011.

Signed By:
*Amul R. Thapar* AT
United States District Judge